of America, arguments not to exceed 15 minutes per side. Mr. LaCour for the appellant. May it please the court, my name is Edmund LaCour and I represent the appellant Demarcus Rogers. The most important issue in this appeal is whether the district court abused its discretion when denied Rogers' pro se 2255 motion without holding an evidentiary hearing. Section 2255 states that a district court must conduct an evidentiary hearing unless the motion and the files and records of the case conclusively establish that the prisoner is entitled to no relief. Rogers alleged that his counsel was ineffective when she refused to raise a viable self-defense argument at sentencing and instead left the government's relevant conduct evidence unchallenged, which all but guaranteed that Rogers would receive a severe sentence under the guidelines cross-reference for attempted murder. Counsel, could I get a clarification from you on one thing? Yes, sir. There's a difference in my mind between a justification defense and a self-defense defense. That's correct, Your Honor. You're talking about which? I'm talking about self-defense theory. Okay, we're talking about self-defense then. That's correct. Rogers worded it or pleaded it as a justification defense in his pro se petition, but this court is… You're talking about self-defense. Correct. Isn't it kind of… What's the standard you just read about? This is section 2255. This is the standard to receive an evidentiary hearing on a claim, which this court has held is significantly lighter than the standard to actually prove entitlement to… Yeah, but you just read the standard a minute ago. Correct. What is it again? Say it again. The standard is the district court must conduct an evidentiary hearing unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief. Why isn't it conclusive from the record that self-defense is a non-starter in this case where the victim was unarmed and he was shot repeatedly? I mean, you can't have a self-defense in that kind of situation, right? You can't have self-defense when the person that is threatening you has already been shot and doesn't have a weapon. Correct. Why doesn't that on its face meet the standard that you just read to me? That's my question. Yes, Judge Rogers. Well, Rogers has alleged that there was potentially other evidence that his counsel failed to raise, and we also… What could it possibly be that would allow a self-defense given those facts, whatever else the facts were? Well, we have, in essence, we have Rogers' word against the word of Rico Coates and Rico Coates' cousin, Aisha Brown, who are the only two witnesses who testified at the sentencing hearing. If Rogers' story is… In seeking a hearing, did you indicate that there would be some evidence that this was not true, that the victim was shot repeatedly? I was not Rogers' counsel. I'm just asking that. Rogers was… Was there such evidence proposed? There was very little evidence proposed because Rogers was representing himself pro se. I understand, but you're saying that the district court was wrong in not having a hearing when the facts that the district court was familiar with showed no basis for a hearing, and you're saying, well, something else might have been going on, but there's no indication of what that something else would have been. Your Honor, we have, I would point the court to six pieces of evidence that were in the trial record or the guilt stage record. What's the strongest one or two of those? Strongest one or two, for one, Rogers was arrested the day after the shooting. The police officer testified that he was cooperative. He admitted to shooting Coates, but he stated that he acted in self-defense because he was under fire. Secondly, it was Rico Coates who entered the house and initiated this heated argument. He didn't have a weapon, did he? There's no evidence about that. There's no direct evidence in the record as it currently stands, but this only serves to highlight why some sort of evidentiary hearing needs to be held to give him a chance to actually develop evidence. Did he file an affidavit showing what he would say if he had a hearing? He did not file an affidavit. The record does not reflect that he did, Your Honor. Did he even argue what he would say? I mean, it's pretty clear that the guy was shot four times, right? Unarmed and shot four times? I mean, I just can't fathom how, you know, I'm open to the argument, but I just can't fathom what argument you could make that that was self-defense, shot two, shot three, and shot four. Well, fingers slipped or something? We do know that Coates had at least two compatriots there with him at the time when he did enter the house and begin to accuse Rogers of stealing tire rims from Coates' brother. He had his cousin. He had his cousin's uncle and at least one of them. Can you shoot somebody a second time, a third time, and a fourth time because there's someone else there who might hurt you? Why wouldn't you shoot the other people? I just don't get it. We also know there were at least two guns present. It was Coates himself who testified that only one of the guns was used by Rogers. When Rogers was arrested the next day, only one gun was in his possession. He was only charged and pled guilty to possessing that one gun, which suggests that the second gun. What's the significance of that? I don't understand because they said he had two guns, but when he was arrested he only had one. I don't follow that. Potentially that the second gun may have belonged to Coates or one of Coates' compatriots. But there's no affidavit in the record to show that, right? That's correct, Your Honor. Again, Coates is a prisoner with a ninth-grade education proceeding pro se. He moved to have counsel appointed for him. The court denied that. He moved for an evidentiary hearing. The court denied that as well. So under this reading of 2255, the remedy is rendered toothless essentially because the more ineffective his counsel is at trial, the less evidence there will be in the record for him to make some sort of argument at the 2255 stage. At the 2255 stage he could articulate how this could conceivably be a self-defense claim, right? That's what I'm saying I'm not seeing. He may be without counsel, but he could say, you know, it's hard for me to imagine what it is, that's why I'm saying. But if there was something, what is it? He stated, again, he did not plead it artfully in his pro se motion, but he pleaded that his counsel refused to object to the relevant conduct enhancements, which included attempted murder. And he stated that she refused to raise a justification defense. And under this court's precedent, a district court is required to grant liberal construction to a pro se litigant's 2255 motion, in part to effectuate that remedy and ensure that it can actually accomplish what it was meant to accomplish. Let me ask this and then I'll be quiet. He's not a lawyer, but you're a lawyer, you're a good lawyer. All right. Can you hypothesize, not based on the facts, just hypothesize out of your imagination self-defense where somebody shoots somebody four times? How could that ever be? I mean, what kind of situation would there be where you get to shoot them four times in self-defense? We can speculate right now, Your Honor. Just make one up. It's just hard for me to imagine one. I mean, what is it? We'll try this. Rogers is at the house minding his own business. Coates enters in, flanked by two compatriots, possessing the second gun or possibly a third. We have no, I mean, there's no evidence right now about what is unknown because it is, in essence, unknown. But he enters. They potentially have guns. He confronts Rogers. Rogers fears for his life, fires on Coates. Coates still has a gun nearby. While he's on the ground, Rogers fires again. Rogers finally stops firing when Coates, as Coates testified, Rogers finally stopped. Finally stops firing is a kind of nice way of saying she shot him again in the thigh. To neutralize a threat potentially. And I'd also like to point out, Your Honor, even if the court were to still apply the cross-reference, a fuller picture of the evidence may have convinced the sentencing court, instead of applying a 327-month sentence, which is at the very high end of the guidelines, potentially a somewhat lower sentence. The guidelines range was between 262 months and 327. It's the difference of several years. But in this instance, Rogers' trial counsel stated, we are not contesting any of the government's evidence. We are merely claiming that it is irrelevant. It was fine of her to challenge the rules of the game, but she was still obligated to play it. In this instance, she did not. That brings us to the second argument, which is that under United States v. Cronic, Rogers was denied effective assistance of counsel because his counsel entirely failed to subject the prosecution's case to meaningful cross-examination. Again, there were three witnesses. She did not try to call into question any of their testimony. We don't know whether she talked to them or not, though, do we? At the sentencing hearing or beforehand? Well, before then. At the sentencing hearing, it reflects that she did not ask them any meaningful questions about their story. She may have talked to them earlier, but we don't know that, right? Exactly, Your Honor, which again brings us back to the 2255 issue, where this court has said in United States v. Valentine that a prisoner's claim may prove false at the evidentiary hearing, but it's impossible to assess its veracity based on the record alone. Indeed, the very purpose of the hearing is to allow the court to make these factual determinations. So we would request that the court reverse the district court's denial of this evidentiary hearing and remand so that Rogers can develop his claim with the assistance of counsel and the 2255 motion will be effectuated and not eviscerated. Thank you, counsel. Thank you. If there are no other questions, I'll save the rest of my time for rebuttal. May it please the court, Kevin Ritz of the United States. We ask this court to affirm the denial of the 2255 motion. Rogers' attorney's decision not to contest the enhancement by putting forth some sort of self-defense enhancement made sense for a lot of reasons. First of all, as Judge Rogers has noted and as this court noted in its decision on direct appeal, the facts that were in the record were more than conclusive. The other side submits that they're far from conclusive in their reply brief, but this was more than conclusive evidence that the attempted murder enhancement should have applied. This court, of course, affirmed the application of that enhancement. The idea that these nuggets of evidence, the fact that Rogers told the officers when he was arrested that he had acted in self-defense or that there was a second gun, the only evidence that's in the record about the second gun is that Rogers actually possessed that gun in addition to the gun he used to shoot the victims. The idea that a self-defense argument had any traction here when Rogers shot the victim, followed the victim outside of the residence after the victim fell onto the ground, this is an unarmed victim, stood directly over him, shot him multiple more times, shot another unarmed man who attempted to intervene, and then continued to shoot at the car that they get the victim in to try to get him away and escape to the hospital. He continues to shoot at them. A necessity or self-defense type of argument just simply would not have made any sense here. We also submit that the attorney's decision not to paint a fuller picture or even attempt to paint a, quote, fuller picture made sense. Mr. Rogers suggests that the sentence could have gone the other way in terms of the sentence could have been lower. We would suggest the sentence could have easily been higher. This court decided to sentence at the high end of the guidelines. If, and we stand by our argument that you can frivolously contest or falsely deny relevant conduct, even if the defendant doesn't testify, if the court had found that there was a false denial or frivolous contesting of relevant conduct and had decided not to give all three points or even two points for acceptance, you were looking at a 360 to life range. So if that had happened, if there had been no acceptance because of this frivolous contesting of relevant conduct and the court still sentenced at the high end of the range, we'd be looking at a life sentence here. For all of these reasons, the decision not to go down that route made sense. And the burden here is, of course, the difficult burden in the 2255 context is on Rogers to show there's a strong presumption that the counsel acted. He's just saying that you needed a hearing, though. Well, he has said now that the most important issue is that there should have been a hearing. We would submit there's no factual issue here that would have necessitated a hearing, as this court's questioning was getting at. The petition has no affidavit. There's actually no real factual allegations in the petition. There's a petition in the record. There's a response from Mr. Rogers and a reply, I think three separate documents, none of which have any sort of factual colloquy or factual suggestion of this is what I wanted my attorney to do. There's a reference to this justification defense, but nothing to back it up. This is an abuse of discretion standard on the hearing question. It was well within the court's discretion to determine that these were conclusions, not facts. These were inherently incredible kind of statements and that they were contradicted, of course, by this pretty clear record. Does he even state in the record what these other witnesses to the shooting would have said without putting it in an affidavit, like Joe says he had a gun and was shooting at me or anything like that? In the pleadings of the 2255 proceeding, no, Your Honor, he did not reference anything like that. There are, of course, references in the briefs before this court to those things, but just things that are in the record. But no, he did not set forth anything like that. It was well within this court's discretion not to hold a hearing. The bottom line is that a defense attorney is not ineffective when she fails to make an argument that has no merit or when she chooses one route that may end up being unsuccessful over another unappealing route as well. On the Sixth Amendment question, we would make the same point. If it's ineffective to raise that question, we still see that question being raised all the time, and it has no merit on the merits for the reasons we set out in our brief this court should affirm.  Thank you. Thank you. Thank you. Your Honors, I would like to push back briefly against the government's view of the Sentencing Guidelines Note for Section 3E1.1. I do not believe that, I think the plain language of the guidelines and this court's precedent, particularly in the United States belay, show that the counsel would not have put the acceptance of responsibility credit at risk had she merely cross-examined the government's witnesses or introduced other witnesses  such that the defendant may remain silent right before the application's note states that the defendant who falsely denies or frivolously contests. The positioning of these two phrases suggests that the defendant is not putting his acceptance of responsibility credit on the line unless he or she actually testifies before the sentencing judge. Therefore, Rogers' counsel simply basically had nothing to lose for her client by trying to at least call into question somewhat the government's version of events at the sentencing. I would also like to point out that it is unsurprising that this court affirmed Rogers' sentence on direct appeal for the very reason that the government was the only party that introduced any witnesses or any evidence that was indeed the correct decision on direct appeal because the evidence was uncontested. Therefore, clearly the preponderance of the evidence supported that sentence. But the point of this challenge is to argue that there was other evidence that could have undermined that preponderance that the government put forward. But if the court has no further questions, see you the rest of the time. No. Thank you, counsel. The case will be submitted. We appreciate your advocacy. Thank you. I think the case will be submitted. Any more cases? You can adjourn the court. This honorable court is now adjourned.